IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3454-FL

| | | |
|---|---|---|
| JULIAN TERELL FURR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEFFEREY JERINKIN, CAPTAIN CARSON, SERGEANT LEE, OFFICER HINTON, | ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on plaintiff's motions for subpoenas (DE 88), default judgment (DE 100), disposition (DE 106), and leave to address John Doe 1-3 (DE 116). Also before the court are defendants' motions to compel (DE 93, 102), extension of time (DE 101, 111)

**COURT'S DISCUSSION**

A.  Motion for Subpoenas (DE 88)

Plaintiff seeks to serve third-party subpoenas on at least 16 individuals, who he claims have access to relevant video footage and plaintiff's medical records, and "knowledge of the incidents in question." (Mot. for Subpoenas (DE 88) at 1–2, Pl. Mem. (DE 88-1) at 5). The court has discretion to limit "the scope and conduct of discovery." Erdmann v. Preferred Research, Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988); see also Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its

---

[1] The court dismissed formerly named defendants Vivian Williams and Steve Beasly by separate order entered November 30, 2023, and defendants J.B. Solomon, John Doe 1-3, and Dr. Johnson by order entered March 25, 2025.

1

own, the court must limit the frequency or extent of discovery otherwise allowed by the rules"). Discovery limitations and court supervision are particularly appropriate when a pro se party, proceeding in forma pauperis, requests service of a discovery subpoena on a third party. See In re McDonald, 489 U.S. 180, 184 (1989) (discussing potential for abuse of in forma pauperis system by litigants who "are not subject to the financial considerations – filing fees and attorney's fees – that deter other litigants"); see also Manning v. Lockhart, 623 F.2d 536, 539 (8th Cir. 1980) (noting "the trial court's discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings"); Avoki v. City of Chester, S.C., No. CV 0:17-1141-DCC-PJG, 2018 WL 3472606, at *2 (D.S.C. July 19, 2018).

Here, plaintiff provides no factual support that any of the 16 individuals have personal knowledge of the underlying events of plaintiff's constitutional claims. Further, defendants responded in discovery that the video footage plaintiff seeks in the motion does not exist, and the only entity which has access to plaintiff's medical records is Southern Health Partners, Inc. (Def. Resp (DE 89) at 7 n.1, 9–10). Plaintiff does not seek to serve a subpoena on Southern Health Partners, Inc. Accordingly, the motion for subpoenas is denied.

B.      Motion for Default Judgment (DE 100)

Plaintiffs motion, filed pursuant to Federal Rules of Civil Procedure 55, 60, and 65, is rambling, nonsensical, and the basis is unclear. Plaintiff spends a majority of the motion and memorandum discussing contract law, alleging defendants violated a contract, and calculating damages based on the contract violation. (See Pl. Mot. for Default (DE 100); Pl. Mem. (DE 100-1)). However, plaintiff's claims allege defendants used excessive force against him. (See

Nov. 30, 2023, Ord. (DE 11) at 2). Plaintiff also appears to object to defendants' interrogatories. (Pl. Mem. (DE 100-1) at 1).

Plaintiff's motion for default judgment is without merit. Defendants timely responded to plaintiff's complaint by filing an answer. (DE 38). Accordingly, they have not "failed to plead or otherwise defend," and plaintiff is not entitled to default judgment. See Fed. R. Civ. P. 55(a). To the extent plaintiff seeks relief from a final judgment pursuant to Federal Rule of Civil Procedure 60, such a request is denied because no final judgment has been entered in this matter. Regarding any request for preliminary injunction or temporary restraining order pursuant to Federal Rule of Civil Procedure 65, it is wholly unclear from the motion and memorandum what injunctive action plaintiff seeks the court to take. To the extent plaintiff seeks a preliminary injunction regarding breach of contract, plaintiff cannot obtain preliminary injunctive relief to remedy issues that are unrelated to the claims in his complaint. See Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997). Plaintiff also fails to address factors required to grant preliminary relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Lastly, plaintiff's objections to defendants' interrogatories must be served on defendants. See Fed. R. Civ. P. 33(b). Accordingly, this motion is denied.

C. Motion for Disposition (DE 106)

Plaintiff's memorandum in support of this motion is titled "Dispositive Memorandum in Supporting Relief [Sought] by Plaintiff in [DE 100]." Accordingly, the court construes this motion as a reply to defendants' response in opposition to plaintiff's motion for default judgment. The motion and supporting memorandum, like the motion and memorandum for default judgment, are nonsensical and unclear. Plaintiff again addresses contract law but includes events that are

3

unrelated to the current action. For example, after the underlying events to the complaint in this action occurred, plaintiff entered into a contract with a fellow inmate for protection from a "man hunt." (Pl. Mem. (DE 106-1) at 11–16). Plaintiff's motion itself consists of a story regarding an old man and a cow to illustrate the development of civil law in England. (Mot. Disposition (DE 106)). Plaintiff's motion is denied for the same reasons the court denied the motion for default judgment.

D.    Motion for Leave to Address John Doe 1-3 (DE 116)

Plaintiff's motion is not the model of clarity, but he appears to seek to name John Doe 1-3. This court entered an order stating in relevant part that any John Doe defendant must be identified by the deadline for amending the pleadings in the scheduling order or they will be dismissed from this action. (November 30, 2023, order (DE 11) at 3 (citing Attkisson v. Holder, 925 F.3d 606, 628 (4th Cir. 2019)). The deadline for filing amended pleadings was August 23, 2024. John Doe 1-3 were dismissed from this action on March 25, 2025. (Mar. 25, 2025, Ord. (DE 115) at 9). Plaintiff did not seek to identify the John Doe defendants until almost a year after the amended pleadings deadline. He did not ask for an extension of time, and he provides no justification for such delay. Accordingly, the motion is denied.

E.    Motions to Compel (DE 93, 102)

Defendants seek production of documents and responses to interrogatories, where plaintiff failed to provide any documents or responses. Plaintiff responded to the motion to compel production of documents but did not respond to the motion to compel responses to interrogatories.

Federal Rule of Civil Procedure 37 provides that when a party fails to respond to discovery, the party seeking discovery can move for an order compelling production. Fed. R. Civ. P.

4

37(a)(3)(B). Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

When addressing a motion to compel discovery, the trial court holds broad discretion. See Seaside Farm, Inc. v. United States, 842 F.3d 853, 860 (4th Cir. 2016) ("District courts exercise broad discretion over discovery issues.") (citation omitted); LaRouche v. Nat'l Broad. Co., Inc., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."); see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion."). Parties resisting discovery generally bear the burden of persuasion in a discovery dispute. See Fed. R. Civ. P. 37(a)(5).

Pursuant to Federal Rule of Civil Procedure 33, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). To the extent a party does not object to answering an interrogatory, he must answer it "separately and fully in writing under oath." Id. 33(b)(3). "[G]rounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Id. (b)(4).

5

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Regarding requests for admissions, Rule 36 allows a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to [] facts, the application of law to fact, or opinions about either; and [] the genuineness of any described documents." Fed. R. Civ. P. 36(a).

Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when "the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action," "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except "when the motion was substantially justified or other circumstances make an award of expenses unjust." Id. (a)(5)(B). If a motion to compel is allowed in part and denied in part, the court "may apportion the reasonable expenses for the motion." Id. (a)(5)(C).

Where plaintiff did not respond to the motion to compel responses to interrogatories, defendants' motion is granted for the reasons stated in their memorandum in support. (See Def. Mem. (DE 103)). Plaintiff is directed to fully respond under oath to the first set of interrogatories. Regarding the motion to compel production of documents, plaintiff argues defendants are untimely in their request. However, defendants requested production of documents giving plaintiff time to respond within the discovery period. Defendants further wrote letters to plaintiff asking for more complete responses and specifically asked for production of medical records during a break in

plaintiff's deposition. (Def. Mot. (DE 93) at 3–5). The motion to compel was also filed timely within the discovery period. Accordingly, plaintiff is also directed to fully respond to defendants' requests for production of documents, particularly regarding his medical records related to this action.

Defendants seek sanctions in the form of dismissal of this action. (Def. Mem. (DE 94) at 6–10). Given plaintiff's pro se status, at this time, the court finds plaintiff did not act in bad faith and an award of sanctions would be unjust. See Fed. R. Civ. P. 37(a)(5)(A). However, the court warns plaintiff that sanctions may be imposed, including dismissal of this action, if he fails to comply with this order. See Fed. R. Civ. P. 37(b)(2)(A)(v). Accordingly, the motions are granted in part and denied in part.

F.   Motions for Extension of Time (DE 101, 111)

For good cause shown, defendants' motion for extension of remaining case deadlines is granted as provided below.

**CONCLUSION**

Based on the foregoing, plaintiff's motions for subpoenas (DE 88), default judgment (DE 100), disposition (DE 106), and leave to address John Doe 1-3 (DE 116) are DENIED. Defendants' motions to compel (DE 93, 102) are GRANTED in part and DENIED in part as provided above. Defendants' motions for extension of time (DE 101, 111) are GRANTED. Plaintiff is DIRECTED to fully respond to defendants' requests for production of documents and first set of interrogatories within **21 days** of entry of this order. Discovery shall be completed by **November 3, 2025**. Dispositive motions shall be filed by **December 3, 2025**. Further extensions of the discovery deadline will be disfavored.

SO ORDERED, this the 16th day of September, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge